UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**BRANDI LABORDE BETTERY**   *   **CIVIL ACTION NO. 14-3321**

**VERSUS**   *   **JUDGE HAIK**

**COMMISSIONER OF**   *   **MAGISTRATE JUDGE WHITEHURST**
**SOCIAL SECURITY**

### RULING ON MOTION FOR AUTHORIZATION OF ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

Pending before the undersigned is the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) filed by attorney Matthew David Lane, Jr. ("Lane"), representing social security claimant, Brandi Anne Laborde Bettery ("Bettery"), on December 7, 2015. [rec. doc. 26].  Defendant, the Commissioner of the Social Security Administration ("Commissioner"), filed a response on December 28, 2015 . [rec. doc. 28].

On February 22, 2016, Lane filed an Amendment to his Motion for Attorneys' Fees. [rec. doc. 33].  The Commissioner filed a Response to the Amended Motion on February 24, 2016. [rec. doc. 35]

### Background

On November 21, 2014, Bettery filed a Complaint for judicial review with this Court, appealing the denial of her claim for social security benefits.  By Report and Recommendation dated June 30, 2012, Magistrate Judge C. Michael Hill recommended that the Commissioner's decision be reversed, and that Bettery be awarded appropriate benefits as of her onset date, December 1, 2010. [rec. doc. 11].  On August 10, 2015, Judge Richard T. Haik entered a Judgment adopting the Report and Recommendation, reversing the Commissioner's decision and

awarding benefits from the onset date of December 1, 2010.[1]  [rec. doc. 15].  Bettery was represented by Lane in administrative proceedings concerning this claim, as well as in this judicial proceeding.

Following the District Court's reversal of the Commissioner's adverse decision, on October 15, 2015, Lane filed a Motion for Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  [rec. doc. 18].  A Stipulated Order for Attorneys' Fees was granted, and Lane was awarded $8,205. [rec. doc.  34].

On October 28, 2015, Lane received Bettery's Notice of Award providing that her past-due benefits for the period from July 2011 though July 2015 total $58, 445 and advising that the sum of $14,611.25 (representing 25% of the past due benefits) had been withheld for potential payment of attorneys fees.

On November 20, 2015, Lane received a Notice of Award regarding past-due auxiliary benefits owed as a result of Bettery's minor child ("Auxiliary NOA").  The Auxiliary NOA indicates that past-due benefits of $27,243.50 are owed for the period of July 2011 through October 2015.  The past-due auxiliary benefit total for attorney's fee purposes is $29,202.[2]

On December 7, 2015, Lane filed the instant Motion for Authorization of Attorneys' Fees

---

[1] The Report and Recommendation was adopted in all respects other than the finding and conclusion limiting the award of benefits "through [Bettery's] date last insured of September 30, 2012."

[2] For purposes of attorneys' fees, the past-due benefits are limited to the month prior to the Court's favorable decision, which was issued in August 2015.  Thus, the Court has deducted $1,848 (representing the benefits paid for August, September, and October) from the past-due benefit total for the purpose of calculating attorneys' fees.

Pursuant to 42 U.S.C. § 406(b). [3] [rec. doc. 26]. Lane seeks an award of attorneys' fees in the amount of $21,911.75, representing 25% of Bettery's total past-due benefits through July 2015, based on Lane's contigency fee contract with Bettery.[4] For the following reasons, the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [rec. doc. 26] is GRANTED.

### Analysis

Lane is entitled to apply to the court, under 42 U.S.C. § 406(b), for an award for his work before the court. Section 406(b) provides, in pertinent part, as follows: Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled . ." 42 U.S.C. § 406(b)(1)(A).

In his motion, Lane requests an award of $21,911.75 which represents twenty-five percent of past-due benefits that were awarded to Bettery. It is uncontested that there exists a contingency fee agreement between Lane and Bettery, which provides for attorney's fees of "twenty-five percent (25% percent) of any and all past-due benefits awarded to my family and me."[5] Lane has submitted a time sheet detailing the professional services he rendered from

---

[3] On February 18, 2016, Lane moved to amend and supplement his memorandum in support of his motion to include Exhibit D (Lane's timesheet).

[4] The government submits that this amount represents the full amount of Bettery's past-due benefits withheld by the agency to pay representation fees. [rec. doc. 35 at 1].

[5] Lane submitted a copy of his contingency fee agreement with Bettery as Exhibit B to his Reply Memorandum is Support of Motion for Attorneys' Fees under EAJA [rec. doc. 24-2] and incorporated the agreement by reference in his memorandum in support of his Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b).

November 20, 2014 through December 7, 2015 for representing Bettery in the federal-court proceeding. The time sheet shows a total of 91.35 hours. Lane acknowledges that if he is awarded the $21,911.75 requested in this motion, he will be required to refund the EAJA award of $8,205 to Bettery. [rec. doc. 26 at 2]. The Commissioner agrees that Lane is entitled to a reasonable fee for court-related representation, but defers to the court's determination of reasonableness. [rec. doc. 35 at 1-2].

In *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002), the United States Supreme Court held that section 406 does not displace contingent-fee agreements within the statutory ceiling; instead, it instructs courts to review for reasonableness the fees calculated based on such agreements. The Court rejected the "lodestar" method (hours reasonably spent on the case times reasonable hourly rate) of evaluating attorney fee petitions under 42 U.S.C. §406(b) and held that section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The Court referenced the following factors as bearing on the reasonableness of the requested fee: the character of the representation, the results the representative achieved, whether the attorney was responsible for delay, whether the representation was substandard, whether benefits are large in comparison to the time spent on the case, and whether the attorney is receiving a windfall. *Id.*

The Fifth Circuit has held that "courts may consider the lodestar in their analysis so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage. *Jeter v. Astrue,* 622 F.3d 371 (5th Cir. 2010). The court explained that the "windfall" does not preclude attorneys from recovering what may seem like a high award if the attorney's success on appeal is of his own making. If "success on appeal can be

4

attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work – even if he managed to accomplish a great deal in a small window of time." *Id.* at 381. The court noted that "[a]lthough in some instances a twenty-five percent contingency fee may result in a seemingly large fee, a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Id.* at 379. Congress wrote § 406(b) to "ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees." *Gisbrecht,* 535 U.S. at 805 (quoting SSA Report 66).

Lane argues that the contingency fee agreement complies with the provisions of section 406(b) and is reasonable in light of the results achieved and the factors set forth by the Supreme Court in *Gisbrecht*. The undersigned agrees.

Lane provided professional and competent representation to Bettery. Lane's efforts resulted in a reversal of an adverse ruling and an award of a substantial amount of past-due benefits in this case. Lane did not cause delay in the resolution of the matter and did not provide substandard representation. Also, the benefits to Bettery were large in comparison to the time spent on the case.

Additionally, Lane's experience before this court supports the amount claimed. Lane's practice is focused on the area of Social Security disability law and he is one of only a few attorneys in the area who represents Social Security claimants in federal court. His zealous advocacy led to Bettery receiving a significant amount of past due benefits, as well as continuing benefits and medicare coverage. Although the twenty-five percent contingency fee may result in a somewhat higher fee in this case, this must be balanced against the fact that Lane often is not compensated at all for Social Security work in federal court. *Jeter*, 622 F.3d at 379.

Dividing the requested sum of $21,911.75 by the 91.35 hours spent in the federal court proceeding, yields an hourly rate of $239.86.  Although this number is slightly higher than the $225 per hour that Lane would charge for non-contigency federal court litigation, it would not result in a windfall.  The undersigned finds that, in light of the additional factors, the requested fee is reasonable and not attributable to anything other than the Lane's own work.

Accordingly, IT IS ORDERED that the Motion for Authorization of Attorneys' Fees Pursuant to 42 U.S.C. § 406(b) [rec. doc. 26], is **GRANTED.** The Court awards fees in the amount of $21,911.75 to be paid from the past-due benefits held by the Commissioner for such purposes.

IT IS FURTHER ORDERED that, upon receipt of the section 406(b) fee, Lane shall return to Bettery the $8,205 EAJA fee that was awarded pursuant to the Stipulated Order of Attorneys Fees.

Signed this 26th day of February, 2016, at Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE